O
JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 508621

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES,<br><br>              Plaintiff,<br>   v.<br><br>SEARS OUTLET STORES, LLC, and DOES 1–50, inclusive,<br><br>              Defendants. | Case No. 2:13-cv-04293-ODW(MANx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On June 14, 2013, Defendant Sears Outlet Stores, LLC filed a Notice of Removal. But after carefully considering the papers filed with the Notice, the Court determines that Sears has failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Here, Sears asserts that diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is minimum diversity and the amount in controversy exceeds $5,000,000. (Not. of Removal ¶ 11.) Sears does not assert federal-question jurisdiction under 28 U.S.C. § 1331.

To exercise diversity jurisdiction, a federal court ordinarily must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). CAFA eases removal requirements for class actions involving 100 or more putative class members by amending 28 U.S.C. §1332 to vest federal courts with jurisdiction where there is minimal diversity and the amount in controversy exceeds $5,000,000. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see* 28 U.S.C. §1332(d)(2), (d)(6) & (d)(11)(B)(i).

For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

Sears's Notice of Removal asserts that "Defendant is informed and believes and on that basis alleges that, at the time this action was commenced, Plaintiff was a citizen of the State of California." (Notice of Removal ¶ 16 (citing Compl. ¶ 9).) Sears's information and belief is apparently based on Gonzales's assertion in the

1 Complaint that he is "an individual who resides in California." (Compl. ¶ 9.) But
2 residency allegations alone are inadequate to establish citizenship. While a party's
3 residence may be prima facie evidence of that party's domicile when an action is
4 *originally* brought in federal court, residency allegations in a complaint alone do not
5 suffice to establish citizenship on removal in light of the strong presumption against
6 removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th
7 Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

8 Further, Sears's allegation that it "is informed and believes" that Gonzales is a
9 California citizen is inadequate to establish diversity jurisdiction on removal. On
10 removal, "alleging diversity of citizenship upon information and belief is insufficient."
11 *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see
12 also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to
13 invoke diversity jurisdiction should be able to allege affirmatively the actual
14 citizenship of the relevant parties."). And Sears cites no other objective facts to
15 establish that Hernandez is a California citizen, such as "voting registration and voting
16 practices, location of personal and real property, location of brokerage and bank
17 accounts, location of spouse and family, membership in unions and other
18 organizations, place of employment or business, driver's license and automobile
19 registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

20 Because Sears fails to sufficiently establish diversity jurisdiction on removal,
21 the Court **REMANDS** this case to the Los Angeles County Superior Court, case
22 number BC508621. *See* 28 U.S.C.§ 1447(c). The Clerk of Court shall close this case.

23 **IT IS SO ORDERED.**

24 June 26, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**